

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

STEVEN LEE LEBOON : CIVIL ACTION

  Plaintiff, : 11   1847

v. :

ALAN MCILVAIN COMPANY : JURY TRIAL DEMANDED

  Defendants. :

## COMPLAINT

### PARTIES

1. Plaintiff, Steven L. LeBoon is an adult individual and citizen of the United States, and a resident of the State of Pennsylvania, having at all times relevant and material an address at 2401 Applewood Court, Perkasie, Pennsylvania 18944.

2. Defendant, Alan McIlvain Company, is a business corporation or other form of business organization, existing under the laws of the Commonwealth of Pennsylvania, having a place business at 501 Market Street, Marcus Hook, Pennsylvania, 19061.

3. Defendant operates in Delaware County, under the name of Alan McIlvain Company, employing approximately 90 persons, and earning a combined annual gross revenue in excess of $500,000.

### JURISDICTION AND VENUE

4. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 201 et seq., in that the cause of action arises under the Fair Labor Standards Act of 1938.

## FACTUAL BACKGROUND

5. From approximately September 2008 until May 8, 2009, Plaintiff was employed by Defendant as a Human Resources Director and was assigned to Defendant Corporate Office, Marcus Hook, Pennsylvania. The following factual allegations pertain to Plaintiff's employment as a Director of Human Resources.

6. Plaintiff's primary duties did not include managing either his assigned branch or any department or subdivision thereof. Plaintiff performed entry-level responsibilities.

7. Plaintiff spent the great majority of his time performing the same duties as hourly personal representatives and salaried managers who received over-time. These duties included, *inter alia*, servicing entry level OHSA safety for entire plant, all functions of payroll clerk and performing basic, non-managerial duties and setting up monthly luncheons for staff.

8. Plaintiff did not have the authority to hire or fire other employees and did not make any suggestions or recommendations as to the hiring, firing, advancement, promotion or other change of status of employees. Place of employment is three member union environment. Collective Bargaining are mandated by contractual terms.

9. Plaintiff did not perform job evaluations of other employees. Place of employment is three member union environment. Collective Bargaining are mandated by contractual terms.

10. Plaintiff did not have the authority to set or adjust other employees' rates of pay or hours of work. Place of employment is three member union environment. Collective Bargaining rights are mandated by contractual terms.

11. Plaintiff did not perform work directly related to the management or general business operations of Defendant or Defendant's customers.

12. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

13. Plaintiff did not make any decisions regarding the company financial budget such as planning or controlling the company budget.

14. Plaintiff was paid a weekly salary.

15. Plaintiff often worked in excess of 40 hours per workweek. In particular, Plaintiff currently estimates that he worked 55-65 hours during a typical workweek.

16. Defendant did not pay Plaintiff any compensation for hours worked over 40 during the workweek but selected salaried managers Bill Cook and Laverne Conley were paid weekly overtime. Plaintiff managed all facets of payroll, therefore, has detailed facts of company refusing to compensate Plaintiff for hours worked over 40 hours during the workweek.

17. Defendant have acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to compensate Plaintiff and for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate Plaintiff and based upon the overtime premium pay rate of one and one-half times their regular pay rate.

## COUNT I (Alleging Violations of the FLSA)

18. All previous paragraphs are incorporated as though fully set forth herein.

19. Plaintiff is an employee entitled to the FLSA's protections.

20. Defendant is an employer covered by the FLSA.

21. The FLSA entitles employees to compensation for every hour worked in a workweek. See 28 U.S.C. § 1391 (c).

22. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek.

23. Defendant violated the FLSA by failing to compensate Plaintiff for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate Plaintiff based upon the overtime premium pay rate of one and one-half times their regular pay rate.

24. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, have committed a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

25. In his position, plaintiff had no authority to formulate, interpret or implement management policies or operating practices, and had no authority to commit the employer in matters that would have had a significant financial impact. In addition, Place of employment is three member union environment. Collective Bargaining rights are mandated by contractual terms.

26. In his position, plaintiff did not resolve grievances' or disputes, Place of employment is three member union environment. Collective Bargaining rights are mandated by contractual terms.

27. It was requested by U.S Department of Labor, Employment Standards Administration Wage and Hour Division, for defendant to pay overtime wages but the defendant

refused to comply with the request. The agency issued Right to Sue Letter to Plaintiff. The correspondence was given to Plaintiff on December 17, 2009, signed by Stewart C. Bostic, District Director.

**WHEREFORE**, Plaintiff, Steven L. LeBoon demands judgment in his favor and against defendant, Alan McIlvain Company, for statutory damages under the Fair Labor Standards act of 1938, as amended, liquidated damages, incidental and consequential damages, interest at the prevailing rate, pro se fees and costs, cost of suit and such other relief as the court deems just.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date: March 14, 2011

Steven L. LeBoon, pro se
2401 Applewood Court, Perkasie, PA 18944
Phone: (484)716-4567
Email: Noobel1@comcast.net

*/signature/* 3/14/2011

U.S. DEPARTMENT OF LABOR  Employment Standards Administration
Wage and Hour Division
U.S. Custom House - Room 400
Second and Chestnut Streets
Philadelphia, Pennsylvania 19106
Telephone:      (215) 597- 4950
Fax:            (215) 597- 4949



December 17, 2009

Steven LeBoon
2401 Applewood Court
Perkasie, PA 18944

**Subject: Alan McIlvian Company**

Dear Mr. LeBoon:

A recent investigation of the above named firm under the Fair Labor Standards Act (FLSA) indicates that you might not have been paid as required by the law for the period 09/08 to 05/09. The FLSA requires employers to pay each employee covered by the Act no less than the federal minimum wage and overtime premium pay (at time and one-half the regular rate of pay) for all hours worked in excess of 40 hours in a single workweek. The law contains numerous exemptions from these basic standards.

The Wage and Hour Division contacted the firm and explained the FLSA wage requirements. The firm was requested to pay any back wages owed but it did not agree to make additional payments to you. Under the law, the Wage and Hour Division has the authority to supervise voluntary payment of back wages but cannot itself order such payment. The Department of Labor (Department) is authorized to file lawsuits against employers and request that a court order the payment of back wages; however, after reviewing all of the circumstances in this case, it has been decided that it is not suitable for litigation by the Department. Consequently, no further action will be taken to secure payment of additional money possibly owed to you.

The fact that we will take no further action on your behalf does not affect your private right under the FLSA to bring an independent suit to recover any back wages due. The Congress, recognizing that all complaints may not be resolved or developed for litigation by the Department, has included provisions in FLSA section 16(b) that give individuals the right to file lawsuits on their own behalf if they believe their rights have been violated. An employee may retain an attorney to file a lawsuit in federal or state court against the employer for back wages and an equal amount as liquidated damages plus attorney's fees and court costs. The Department does not encourage or discourage such suits.

The decision is entirely up to you. However, keep in mind that recovery of back wages under this law is subject to a statute of limitations. Generally, this means that any part of a back wage claim which was earned more than two years before suit is filed may not be collectible.

A copy of the Handy Reference Guide to the Fair Labor Standards Act is enclosed for your information.

Sincerely,

Stewart C. Bostic
District Director

Enclosure: HRG